Dear Ms. Broussard:
You advise this office that Mr. John Andrus works for you as a full-time deputy assessor. You ask if the law prohibits him from serving as a member of the Board of Commissioners governing the Coulee Kinney Drainage District of Vermilion Parish.
La.R.S. 38:1607 is general law which sets forth the qualifications applicable to a person appointed to the board of commissioners governing a drainage district. La.R.S. 38:1607(A) provides, in pertinent part:
 (2) . . . A drainage commissioner may hold the position of drainage commissioner in one or more drainage districts and may hold the position in addition to any other office that may be held by him. The holding of the position of drainage commissioner, shall not be considered as dual officeholding.
(Emphasis added).
Under general rules of statutory construction, the latest expression of the legislative will is considered controlling and prior enactments in conflict are considered as tacitly repealed in the absence of an express repealing clause. La.Civ. Code art. 8; See Pumphrey v. City ofNew Orleans, 05-979 (La. 4/4/06); 925 So.2d 1202, 1210. Where there is a conflict between two statutes, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Pumphrey, supra, at 1210.
La.R.S. 38:1607(A) was amended and reenacted by Act 91 of the 1982 Louisiana Regular Legislative Session, subsequent to the enactment of Louisiana's Dual Officeholding and Dual Employment Law by Act 700 of the 1979 *Page 2 
Louisiana Regular Legislative Session. La.R.S. 38:1607(A) is controlling as the latest expression of legislative will; it is also special law pertaining to the dual officeholding status of those who are members of boards governing drainage districts. As special law, La.R.S. 38:1607(A) is controlling over the general provisions of the dual officeholding provisions, La.R.S. 42:61, et seq.
La.R.S. 38:1607(A) exempts the office of drainage commissioner form the dual officeholding laws, which makes a discussion of the dual officeholding provisions unnecessary in this matter, as there must be two or more positions of public employment or public office held for the dual officeholding provisions to become applicable.
Thus, we conclude the dual officeholding provisions do not prohibit a full-time deputy assessor from also serving as a member of the drainage board. In accord are Opinions 87-202 and 03-0410, copies attached.
This opinion is limited to an examination of the dual officeholding statutes. Any other questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: __________________________ KERRY L. KILPATRICK Assistant Attorney General
 KLK:arg